UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TARA PERETTO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON; UTAH COUNTY CONSTABLE'S OFFICE; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC; UTAH PROCESS INC.; CONSTABLE KOLKMAN LLC; THE CHERRINGTON FIRM; and JOHN DOES 1–5,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ON PLANTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF NO. 38)**<br><br>Case No. 1:23-cv-0025<br><br>Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Before the court is Plaintiff Tara Peretto's motion to amend the complaint in order to more adequately plead allegations in support of her vicarious liability theory against Defendant The Cherrington Firm.[1] Previously the district court dismissed such claims without prejudice, noting that Plaintiff's Second Amended Complaint failed to adequately allege "facts to suggest that the [other] [d]efendants were employees or servants of Cherrington."[2] The court, however, expressly granted Plaintiff "30 days to seek leave to amend her Complaint."[3] Plaintiff did so and

---

[1] (*See* ECF No. 38 at 2–4.)

[2] (*See* Mem. Decision and Order, ECF No. 35 at 16–17.)  The claims against the remaining named defendants were not dismissed, however.  (*See id*. at 12–13, 17.)

[3] (*See id*. at 17.)

Cherrington has timely filed its opposition.[4]  Briefing is now complete.[5]  For the reasons discussed below, Plaintiff's motion is granted.[6]

## ANALYSIS

The Federal Rules of Civil Procedure direct the court to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.") (citation omitted).  "Rule 15(a)(2) 'reflects the basic policy that pleadings should enable a claim to be heard on its merits.'" *CVB Inc. v. Corsicana Mattress Co.*, No. 1:20-cv-0144, 2024 WL 1436491, at *1 (D. Utah Apr. 3, 2024) (unpublished) (quoting *Calderon v. Kan. Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)). Notwithstanding this liberality, a court "may withhold leave to amend if the amendment would be futile." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (citation omitted).

In opposing Plaintiff's motion, Cherrington makes no argument that it will be unduly prejudiced if the motion is granted.  Nor does it claim there has been undue "delay, bad faith or dilatory motive" by Plaintiff.  *See Foman*, 371 U.S. at 182.  What remains is an argument that any such amendment would be futile.  *See id*.

And while Cherrington's Opposition includes the words "futile," Cherrington offers no effective argument on futility as a ground for denial.  It merely claims that the alleged claims

---

[4] (*See* Def's Mem. in Opp'n to Plaintiff's Mot. for Leave to File Third Am. Compl. (the "Opposition"), ECF No. 39.)

[5] (*See* Plaintiff's Reply Mem. in Supp. of Mot. for Leave to Am. Compl., ECF No. 40.)

[6] Pursuant to Local Rule DUCivR 37-1(b)(5)(B), the court finds oral argument unnecessary and decides the motion based on the parties' written briefing.

against it are "pure fiction" and have "no basis in reality." [7]  But Cherrington then expressly informs the court that "now, or in connection with any potential motion to dismiss, is not the time to address the truthfulness or validity of Plaintiff's allegations."[8]  Notably, Cherrington admits that "the proposed third amended complaint contains a host of new **factual** allegations."  And nowhere in its Opposition does Cherrington engage in any detailed analysis of whether any of the new allegations would be subject to a Rule 12(b) dismissal.[9]

Instead, Cherrington limits its futility argument to its assertion that a new and not yet effective Utah state law on constables bars any vicarious liability because the law "clarifies" that constables cannot be deemed to be agents of anyone other than the state of Utah or any cities or counties in the state.[10]  But that argument does not help Cherrington at this stage.  First, the cited law in not yet in effect.  Second, even if this law had been enacted, Cherrington has failed to establish how or why this new law should apply retroactively.  And third, it is not even clear that this law has the import that Cherrington ascribes to it.

In the end, however, this motion turns on Cherrington's effective concession that Plaintiff's proposed amended complaint contains "new factual allegations."[11]  Given that

---

[7] (*See* Opposition at 2.)

[8] (*See* Opposition at 2 (emphasis added).)

[9] As the party contesting the motion to amend, Cherrington has the burden of proving futility. *See Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020); *see also Richter v. Nelson*, No. 4:20-cv-0167, 2023 WL 7128459, at *3 (N.D. Okla. Oct. 30, 2023) (unpublished) ("It is the defendant's burden to establish the futility of a plaintiff's proposed amended complaint.") (citations omitted).

[10] (*See* Opposition at 3–4.)

[11] (*See id*. at 2.)

acknowledgement, and consistent with the liberality of Rule 15(a)(2), at this stage the court finds that Plaintiff has established a basis for leave to file her amended complaint.

## CONCLUSION

For the reasons discussed above, IT IS ORDERED that Plaintiff's motion for leave to amend[12] is GRANTED. Plaintiff must file her Third Amended Complaint, which was attached to her motion,[13] no later than May 7, 2024.

DATED this 29th day of April 2024.

BY THE COURT:

_____
Dustin B. Pead
United States Chief Magistrate Judge

---

[12] (ECF No. 38.)

[13] (*See* ECF No. 38-1.)