IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TARA PERETTO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC, UTAH PROCESS INC., CONSTABLE KILKMAN LLC, THE CHERRINGTON FIRM,<br><br>　　　　Defendants. | MEMORANDUM DECISION & ORDER DENYING DEFENDANT CHERRINGTON FIRM'S MOTION FOR RULE 11 SANCTIONS<br><br>Case No. 1:23-cv-00025<br><br>United States District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

　　　　District Judge David Barlow referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant The Cherrington Law Firm's motion for Rule 11 sanctions.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(g) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motion on the basis of the written memoranda.[3]

---

[1] ECF No. 31, Order Referring Case.

[2] ECF No. 46, Defendant The Cherrington Firm's Motion for Sanctions ("Motion").

[3] *See* DUCivR 7-1(g).

-1-

## BACKGROUND[4]

Defendant Cherrington Law Firm ("Cherrington" or "Defendant") filed a motion to dismiss Plaintiff Tara Peretto's ("Peretto" or "Plaintiff") amended complaint on April 28, 2023.[5] Finding an absence of particularity,[6] the court granted the motion as to Peretto's fraud claim and afforded her an additional twenty days to file a second amended complaint.[7] Plaintiff filed a timely amended pleading on July 19, 2023.[8]

Defendants Michale Erickson, Rob Kolkman, Utah Process Inc. and Constable Kolkman, LLC (collectively, "Constable Defendants") and Defendant Cherrington filed separate motions to dismiss Plaintiff's second amended complaint on August 16, 2023.[9] On February 12, 2024, the court denied Constable Defendants' motion, but granted Cherrington's motion.[10] In granting Cherrington's dismissal, the court found Plaintiff failed to state a claim for vicarious liability because she did not allege "facts to suggest that Constable Defendants were employees or servants of Cherrington."[11]

---

[4] Detailed facts related to the underlying allegations are set forth in Judge Barlow's February 12, 2024 Memorandum Decision. *See* ECF No. 35 at 2-3.

[5] ECF No. 8, The Cherrington Firm's Motion to Dismiss.

[6] *See* Fed. R. Civ. P. 9.

[7] ECF No. 17, Order.

[8] ECF No. 18, Second Amended Complaint.

[9] ECF No. 21, Constable Defendants' Motion to Dismiss; ECF No. 22, The Cherrington Firm's Motion to Dismiss.

[10] ECF No. 35, Memorandum Decision and Order.

[11] *Id.* at 16.

On April 29, 2024, the court granted Plaintiff leave to amend to plead her vicarious liability theory against Cherrington more adequately.[12] A day later, Peretto filed her third amended complaint.[13]

Currently pending is Cherrington's motion for Rule 11 sanctions.[14] As grounds for the motion, Cherrington asserts that paragraph 82 of Plaintiff's third amended complaint improperly contains an allegation made without a reasonable or good faith basis.[15]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper---whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[12] ECF No. 41, Memorandum Decision and Order.

[13] ECF No. 42, Third Amended Complaint.

[14] ECF No. 46, Motion

[15] *Id.*

The object of Rule 11 is "to deter baseless filings in district court and . . . [s]treamline the administration and procedure of the federal courts."[16] In determining whether Rule 11 sanctions are appropriate the court has broad discretion.[17] Rule 11 violations are considered "a serious matter" and sanctions "are not to be lightly awarded."[18]

In the Tenth Circuit, courts apply a two-step process when reviewing potential Rule 11 violations.[19] At step one the court determines if a pleading violates Rule 11 by applying the "objective reasonableness" standard to determine if "a reasonable attorney admitted to practice before the district court would file such a document."[20] The reasonableness of counsel's conduct "depends upon the prevailing facts and circumstances of a given case."[21] If the court finds a violation then at step two the court imposes an appropriate sanction.[22] "Sanctions come in many forms, and a district court has 'discretion to tailor sanctions to the particular facts of the case.'"[23]

---

[16] *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S. ct. 2447, 110 L. Ed. 2d 359 (1990).

[17] *Anderson v. Beatrice Foods,* 900 F.2d 388, 394 (1st Cir. 1990) (*citing* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment).

[18] *Garth O. Green Enters. v. Harward,* 2017 U.S. Dist. LEXIS 7905 at *17 (D. Utah Jan. 18, 2017).

[19] *Classic Aviation Holdings LLC v. Harrower,* 2022 U.S. Dist. LEXIS 181147 at *29 (D.C. Utah Sept. 30, 2022) ("courts evaluate potential Rule 11 violations in two steps").

[20] *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir. 1988).

[21] *ITN Flix v. Univision TV Group Inc.,* 2018 U.S. Dist. LEXIS 92422 at *2 (D. Utah June 1, 2018) (*citing Garth O. Green Enterprises, Inc.,* 2017 U.S. Dist. LEXIS 7905 at *17).

[22] *Classic Aviation,* 2022 U.S. Dist. LEXIS 181147 at *29.

[23] *Id.,* at *31 (*citing* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment).

## PARTIES' ARGUMENTS

Cherrington asserts Rule 11 sanctions are warranted because Plaintiff and her counsel lacked any reasonable or good faith basis for including the allegation at paragraph 82 of the third amended complaint. Defendant contends Peretto simply added the allegation without reasonable investigation to assuage concerns raised by the district court in its prior rulings dismissing Plaintiff's claims against Cherrington.

Peretto argues Rule 11 sanctions are not warranted because her objectively reasonable investigation of the claim revealed multiple reasons for its inclusion, including the Constable Defendants' statements that they were collecting a debt for Cherrington and Cherrington's obligation to approve of collection efforts made on its behalf.

## DISCUSSION

Paragraph 82 of Plaintiff's third amended complaint states:

> Upon information and belief, Cherrington drafted, reviewed, and approved each of the collection letters and Notice of Sale the constables mailed to collect the alleged debt.[24]

Cherrington argues this allegation is offered without a reasonable or good faith basis because: (1) Cherrington argued that Constable Defendants are not agents of the Firm and Plaintiff has been placed on notice that the allegation is not true; and (2) Cherrington provides declarations to counter the allegation. Each argument is addressed herein.

---

[24] *Id.* at 1-2, Motion; *see also,* ECF No. 42 at 12, ¶82.

First, Cherrington contends paragraph 82 is "fatal[ly] flaw[ed]" because "from the very inception of this case, the [Cherrington] Firm has argued that the Constable Defendants are not agents or servants of the Firm."[25] Cherrington points to its prior warning that it would reserve the right to seek relief under Rule 11,[26] as notice that "the allegations [contained at paragraph 82] . . . are not true."[27] But Rule 11 sanctions are not warranted simply because Cherrington threatens, disagrees or makes an argument that an allegation in the complaint is incorrect. Indeed, differing perspectives are the centerpiece of litigation and disputes over factual contentions do not provide a basis for Rule 11 sanctions.[28]

Second, Cherrington attaches the Declarations of Lacey Cherrington and Constable Defendants Michael Erickson and Rob Kolkman to its Motion. Each affidavit denies paragraph 82's allegations and labels Plaintiff's claim "completely baseless".[29] Declarations offered to counter an allegation after it was asserted, however, do not support Rule 11 sanctions. When considering reasonableness, the court must focus on "what was reasonable for an attorney to

---

[25] ECF No. 55 at 2.

[26] ECF No. 39 at 2, Cherrington Firm's Memorandum in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint.

[27] ECF No. 55 at 4.

[28] *Cook v. Rockwell Int'l Corp.* 147 F.R.D. 237, 248 (D. Colo. 1993) (*citing Mary Ann Pensiero, Inc. v. Lingle,* 847 F. 2d 90, 95 (3d Cir. 1988)).

[29] ECF No. 46-5 at ¶7, Declaration of Lacey Cherrington ("This allegation [at ¶82 of the third amended complaint] "is completely baseless. Furthermore, the Plaintiff has no, and cannot have any, factual basis to support that allegation."); ECF No. 46-6 at ¶ 4, Declaration of Michael Erickson ("That allegation [at ¶82 of the third amended complaint] is completely baseless."); ECF No. 46-6 at ¶ 4 ("That allegation [ at ¶82 of the third amended complaint] is completely baseless.").

believe at the time the pleadings were filed, not on what the court later finds to be the case."[30] Cherrington's Declarations were filed a month after the third amended complaint and information contained therein cannot support an absence of objective reasonableness at the time the amended pleading was filed.

Rule 11 is not a discovery tool and it should not be used "to raise issues as to the legal sufficiency of a claim or defense"[31] or to discourage vigorous advocacy.[32] Thus, to the extent the soundness of paragraph 82 needs to be further explored, it is prudent for Cherrington to deny the allegation and to move for disposal of the claim through a motion to dismiss or summary judgment. At the present, the standard is one of reasonableness under the circumstances and Plaintiff offers multiple reasons[33] to conclude that the allegation has or would "likely have evidentiary support after a reasonable opportunity for further investigation or discovery."[34] Thus, because Cherrington has not shown that Plaintiffs' claim lacked an adequate evidentiary basis at the time it was alleged, that counsel failed to reasonably investigate Plaintiff's claim or that

---

[30] *Threaf Properties v. Title Ins. Co. of Minnesota,* 875 F.2d 831, 835 (11th Cir. 1989).

[31] 5A Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 1336.3 (3d ed. 2009); *Chipanno v. Chamption International Corp.,* 702 F.2d 827, 832 (9th Cir. 1983) (Rule 11 "is not a discovery device [ and it] is not to be used to prerequire plaintiff to offer proof of his case" prior to discovery and trial).

[32] *Vaccaro v. Stephens,* 1989 U.S. App. LEXIS 5864 at *11 (9th Cir. 1989) ("Rule 11 is not meant to discourage creative lawyering. It is meant to discourage pettifoggery.").

[33] ECF No. 51 at 4-10.

[34] Fed. R. Civ. P. 11(b)(3); *White v. General Motors Corp., Inc.,* 908 F.2d 675, 680 (10th Cir. 1990); *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir. 1988) (before signing a document to be filed with the court, an attorney must "conduct an objectively reasonable investigation of the facts.")

Plaintiff acted outside the bounds of acceptable advocacy, Cherrington's Motion for Rule 11 sanctions is denied.

Plaintiff seeks attorney fees in resisting Cherrington's Motion.[35] While the court finds Cherrington's claims unsupported, merely prevailing against the Motion does not entitle Plaintiff to fees and the court does not find any bad faith or improper motive attributable to the Defendant.[36]

## **ORDER**

For the reasons stated, Cherrington's Motion for Rule 11 Sanctions is denied and Plaintiff's request for attorney fees under 28 U.S.C. § 1927 is denied.[37]

Dated this 15th day of July 2024.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

---

[35] ECF No. 51 at 13.

[36] *White v Am. Airlines, Inc.,* 915 F.2d 1414, 1427 (10th Cir. 1990) (the court should only impose sanctions under 28 U.S.C. § 1927 "in instances evidencing a serious and standard disregard for the orderly process of justice") (citations and quotation marks omitted).

[37] ECF No. 46, Motion; ECF No. 51, Plaintiff's Opposition.