IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TARA PERETTO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC, UTAH PROCESS INC., CONSTABLE KILKMAN LLC, THE CHERRINGTON FIRM,<br><br>　　　　Defendants. | MEMORANDUM DECISION & ORDER DENYING DEFENDANT'S SHORT FORM DISCOVERY MOTION<br><br>Case No. 1:23-cv-00025<br><br>United States District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

District Judge David Barlow referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant The Cherrington Law Firm's short-form discovery motion seeking to compel production of Plaintiff's attorney fee agreement as well as a separate motion requesting a hearing before the court or, in the alternative, leave to file a sur-reply.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rules 7-1(g) and 37-1 of the local Rules of Practice for the United States District Court for the District of Utah, the court concludes that neither oral

---

[1] ECF No. 31, Order Referring Case.

[2] ECF No. 57, Defendant The Cherrington Firm's Short-Form Discovery Motion ("Motion"); ECF No. 59, Defendant's Request For Hearing Or, In the Alternative, Motion For Leave To File Sur-Reply In Support Of 37-1 Discovery Motion.

-1-

argument nor additional briefing is necessary and will determine the motion on the basis of the written memoranda alone.[3]

## REQUEST FOR PRODUCTION

At issue is Defendant's Request for Production 1, seeking production of "a copy of any fee or retention agreement entered into between" Plaintiff Tara Peretto and her attorney Ronald Price.[4]

Plaintiff objects to production, arguing her attorney fee agreement is a protected trade secret and shielded from disclosure under the attorney client privilege and work product doctrines. In addition, Plaintiff asserts the fee agreement is irrelevant and disproportionate to the information sought and disclosure of the agreement would be unethical.[5]

## STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case . . . ."[6] Information within the "scope of discovery need not be admissible

---

[3] *See* DUCivR 7-1(g); DUCivR 37-1. Attached to Plaintiff's response is the Declaration of Attorney Eric Stephenson and a copy of Stephenson's Billing Statement. *See* ECF No. 58-1, Declaration of Eric Stephenson; ECF No. 58-2, Stephenson Law Firm Billing Statement. Both attachments, however, are expressly prohibited under the local rule which states that a response "must not exceed 500 words, exclusive of caption and signature block and *must not include any additional exhibits*." DUCivR 37-1(b)(3) (emphasis added). Because additional exhibits are not allowed, the court will not consider Plaintiff's Declaration or Billing Statement in ruling on the pending Motion.

[4] ECF No. 57-1, Defendant's First Set Of Requests For Production Of Documents To Plaintiff.

[5] ECF No. 58, Plaintiff's Opposition To Discovery Motion; ECF No. 57-2, Plaintiff's Response To Requests for Production; ECF No. 57-3, Plaintiff's Response To Requests for Production.

[6] Fed. R. Civ. P. 26(b)(1).

in evidence to be discoverable."[7] And, while "the scope of discovery under the federal rules is broad, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."[8] As a result, "the court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[9]

## DISCUSSION

Defendant offers two main reasons for seeking production of Plaintiff's attorney fee agreement: (1) to identify the date on which Plaintiff first communicated with her attorney; and (2) to support the attorney fee amounts incurred in representing Plaintiff in the underlying state court case.

Plaintiff states the fee agreement is undated.[10] As a result, the fee agreement is not relevant for purposes of identifying the date Plaintiff first communicated with her attorney. Next, to the extent Defendant seeks the fee agreement to support attorney fee amounts, Plaintiff provided Defendant with the requested information through the production of her attorney's billing statement.[11] Thus, the information sought was provided to Defendant through an alternate source.

---

[7] Fed. R. Civ. P. 26(b).

[8] *Innovasis, Inc. v. Curiteva, Inc.,* 2024 U.S. Dist. LEXIS 142270 at *3 (D. Uth Aug. 9, 2024) (citing *Munoz v. St. Mary-Corwin Hosp.,* 221 F.3d 1160, 1169 (10th Cir. 2000)).

[9] Fed. R. Civ. P. 26(b)(2)(C).

[10] ECF No. 58.

[11] ECF No. 58.

## **ORDER**

Accordingly, Defendant's short-form discovery motion and request for oral argument and to file a sur-reply are denied.[12]

Dated this 15th day of August 2024.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

---

[12] ECF No. 57; ECF No. 59.