## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TARA PERETTO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MICHAEL ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, THE CHERRINGTON FIRM, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, UTAH PROCESS INC., CONSTABLE KOLKMAN LLC and CORY REVILL,**<br><br>**Defendants.** | **RULING & ORDER GRANTING AND PROTECTIVE ORDER IN PART**<br><br>**Case No. 1:23-cv-00025**<br><br>**District Court Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

Currently pending before the court is Defendant The Cherrington Firm's ("Firm" or "Defendant") Motion for Protective Order ("Motion").[1] Through its Motion, Defendant seeks an order prohibiting Plaintiff Tara Peretto's ("Ms. Peretto" or "Plaintiff") counsel, Mr. Eric Stephenson ("Mr. Stephenson"), from personally recording any depositions and requiring him to destroy any personal recording of Ms. Peretto's March 4, 2025 deposition. Plaintiff opposes the Motion and requests attorney fees.[2]

---

[1] ECF No. 66, Defendant's Motion for Protective Order; ECF No. 69, Plaintiff's Reply Memorandum in Support of Defendant's Motion for Protective Order. This Motion is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge David Barlow. *See* ECF No. 31, Order Referring Case.

[2] ECF No. 67 at 10, Plaintiff's Memorandum In Opposition To Motion For Protective Order.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[3] "A protective order may forbid or limit particular discovery, or otherwise control the terms on which it may be obtained."[4] "The party seeking a protective order has the burden of showing 'good cause' exists."[5] Courts possess "broad discretion to decide when a protective order is appropriate and what degree of protection is required."[6]

## ARGUMENTS

Defendant seeks protection under Federal Rules 28 and 30, arguing the rules clearly indicate who may record a deposition and address all permissible recording methods and requirements.[7] Although a certified court reporter and videographer were present, Defendant asserts Mr. Stephenson made an impermissible personal recording of Ms. Peretto's March 4, 2024 deposition without providing prior notice.[8] Defendant also contends Mr. Stephenson's personal recording not only included Plaintiff's deposition testimony, but also an off-the-record discussion between counsel.[9]

Plaintiff, on the other hand, argues there is no rule prohibiting recordings by counsel or requiring counsel to provide prior notice where, such as here, the recording is not intended to be

---

[3] Fed. R. Civ. P. 26(c).

[4] *Xmission, L.C. v. Adknowledge, Inc.,* 2016 U.S. Dist. LEXIS 144985, at *5 (D. Utah Oct. 19, 2016).

[5] *Mitchell Int'l Inc. v. HealthLift Pharm. Servs., LLC,* 2020 U.S. Dist. LEXIS 174373, at *5 (D. Utah Sept. 22, 2020).

[6] *Lipari v. U.S. Bancorp, N.A.,* 2008 U.S. Dist. LEXIS 82594, at *2 (D. Kan. Oct. 15, 2008) (unpublished); *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

[7] Fed. R. Civ. P. 28; Fed. R. Civ. P. 30.

[8] ECF No. 66.

[9] *Id.*

used as an official record.[10] Plaintiff contends any prohibition on personal recordings would constitute an "unwarranted meddling" and interfere with counsel's ability to prepare for trial.[11]

## DISCUSSION

### Plaintiff Did Not Provide Defendant With Proper Notice

The Firm's counsel was not aware that Mr. Stephenson was recording Plaintiff's deposition until the court reporter brought the matter to counsel's attention during a break in testimony.[12] Yet Ms. Peretto argues, because she does not intend to use the recording as part of the official record, no prior notice to the Firm was required.[13] In the alternative, Plaintiff asserts that notice was in fact provided to the Firm through the deposition notices of Rob Kolkman and Olson Shaner as filed in the case *Cordero v. Olson Associates PC*.[14] The court finds Peretto's claims unpersuasive.

Concerning permissible methods of recording a deposition, Federal Rule of Civil Procedure 30(b) states:

(A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs.

---

[10] ECF No. 67.

[11] *Id.*

[12] ECF No. 66-1 at ¶4, Declaration of Ronald F. Price ("During the first break which was taken during Ms. Peretto's deposition, the court reporter informed me that Mr. Stephenson was making his own personal recording of the deposition. That was the very first moment that I had any idea that Mr. Stephenson was recording the deposition, as Mr. Stephenson had not provided any notice of any kind that he was going to be making his own personal recording of the deposition.").

[13] ECF No. 67 at 3.

[14] *Cordero v. Olson Associates PC,* 2:23-cv-00756-JNP-DAO. *See* ECF No. 57-1, Notice of Deposition of Rob Kolkman; ECF No. 57-2, Notice of Deposition of Olson Shaner.

(B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in additional to that specified in the original notice. That part bears the expense of the additional record or transcript unless to the court orders otherwise.

Under both subsections of the Rule notice is required and no distinction is made between whether the recording party intends to use the recording as part of the official or unofficial record.[15] Further it is unclear how the deposition notice, provided in a separate action and related to a different deponent, would meet Rule 30's notice requirements with respect to Ms. Peretto's deposition in this action.[16] Mr. Stephenson was required to provide notice of his intent to record Ms. Peretto's deposition and his failure to do so "places him in technical violation of Rule 30(b)(3)."[17] As a result, for good cause shown, a protective order shall issue with respect to Mr. Stephenson's personal recording of Ms. Peretto's March 4, 2025 deposition testimony as well as any off the record conversations between counsel. As to those recordings, Mr. Stephenson is prohibited from publishing, utilizing them in future filings or offering them evidence in this case.

---

[15] Fed. R. Civ. P. 30.

[16] *Cordero v. Olson Associates PC,* 2:23-cv-00756-JNP-DAO. *See* ECF No. 57-1, Notice of Deposition of Rob Kolkman; ECF No. 57-2, Notice of Deposition of Olson Shaner.

[17] *Warner v. Swepi, LP*, 2023 U.S. Dist. LEXIS 117857, at *12 (W.D. Penn. July 7, 2023) (attorneys failure to give prior notice of intent to record deposition himself was in violation of Rule 30(b)(3)); *Schoolcraft v. City of New York,* 296 F.R.D. 231, 239 (S.D.N.Y Nov. 20, 2013) (attorney in violation of Rule 30 for failure to serve a Rule 30(b) notice of intent to videotape deposition); *Cf. Maranville v. Utah Valley University,* 2012 U.S. Dist. LEXIS 59617, at *3 (court concluded attorney had met Rule 30's notice requirements by filing notices of depositions indicating the depositions would be taken by a shorthand report "and that they would also be videotaped and/or audiotaped by Plaintiff['s] counsel, as allowed by Rule 30(b)(3)."); *Stern v. Cosby,* 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) ("unless a court orders otherwise, a party may [audio] tape a deposition as a matter of right, as long as notice is given of the party's intention to do so.").

Moving forward and in compliance with Rule 30, notice of counsel's intent to record any deposition must be provided prior to the deposition. Upon receipt, Defendant may object and the court will address the objection at that time. Here, without proper notice the inquiry ends and the court makes no further conclusions regarding the ability of Mr. Stephenson to make a personal recordings or to offer such recordings as evidence in the case.

### **ORDER**

Accordingly, the court GRANTS Defendant's Motion for Protective Order IN PART and DENIES Plaintiff's request for attorney fees.[18]

SO ORDERED this 14th day of May, 2025.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

---

[18] ECF No. 66. Because Defendant's Motion for Protective Order seeks additional protections not included in this ruling (e.g. destruction of personal recordings), the court grants the motion "in part".