UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TARA PERETTO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC, UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTIONS TO COMPEL JUDICIAL SETTLEMENT CONFERENCE**<br><br>Case No. 1:23-cv-00025-DBB-DBP<br><br>District Judge David Barlow |

Before the court are defendants' Motions to Compel Judicial Settlement Conference.[1]

## BACKGROUND

This case involves allegations that defendants committed fraud and violated the Fair Debt Collection Practices Act. On April 30, 2026, the court denied the Kolkman Defendants' Motion for Partial Summary Judgment, granted Cherrington's Motion for Summary Judgment as to joint venture and apparent authority under federal law but denied it as to all other parts, and granted Plaintiff's Motion for Partial Summary Judgment in that the Kolkman Defendants are debt collectors subject to the Fair Debt Collection Practices Act but denied it in all other respects.[2]

[1] Mot. to Compel Jud. Settlement Conf., ECF No. 113, filed Sept. 2, 2026 by defendant Michael Erickson; Mot. to Compel Jud. Settlement Conf., ECF No. 116, filed Sept. 14, 2026 by defendants Constable Kolkman LLC and Rob Kolkman (the "Kolkman Defendants").
[2] Mem. Dec. & Order, ECF No. 96.

Following resolution of the parties' dispositive motions, the court ordered the parties to meet and confer and submit by August 3, 2026 a Joint Civil Trial Notice in preparation for setting this matter for trial.[3] Plaintiff sought and was granted two extensions of time to allow the parties to meet and confer in good faith.[4] Simultaneously, with its second motion for extension of time, plaintiff filed a Stipulated Motion for Judicial Settlement Conference, requesting that the court offer a judicial settlement conference for plaintiff, The Cherrington Firm, and Michael Erickson.[5] The court issued a docket text order, notifying the moving parties that it would order a judicial settlement conference if all parties joined the request for one.[6] The Kolkman Defendants then notified the court that they agreed to participate.[7] Accordingly, the court made a settlement referral to Magistrate Judge Cecilia M. Romero.[8]

Magistrate Judge Romero ordered the parties to submit their proposed settlement conference dates by August 24, 2026, notifying them that she would also hold a pre-settlement conference one week prior to the scheduled settlement conference date.[9] On August 24, plaintiff instead filed a Notice of Filing Proposed Trial Order, the attachment to which was the parties' previously-ordered Joint Civil Trial Notice, reflecting meet and confer efforts between August 3 and August 24, 2026, signed by attorneys for all parties. No settlement conference was set. Subsequently, Magistrate Judge Romero issued a report stating that plaintiff requested the

[3] ECF No. 98, filed May 18, 2026.
[4] ECF Nos. 99, 101, filed Aug. 3, 2026 and Aug. 10, 2026.
[5] ECF No. 102, filed Aug. 10, 2026.
[6] ECF No. 104, filed Aug. 11, 2026, and granting the parties until Aug. 24, 2026 to notify the court whether all parties agree to participate in a judicial settlement conference.
[7] ECF No. 105, filed Aug. 11, 2026.
[8] ECF Nos. 106, 107, filed Aug. 12, 2026 and Aug. 14, 2026.
[9] ECF No. 108, filed Aug. 18, 2026.

settlement conference referral to be withdrawn because the parties were unable to reach an agreement on proposed dates for the conference.[10] The settlement referral was withdrawn.[11] The Kolkman Defendants and Michael Erickson subsequently filed the pending motions to compel judicial settlement conference, which are now fully briefed.

**ANALYSIS**

Federal Rule of Civil Procedure 16 states that "In any action, the court may order the attorneys . . . to appear for one or more pretrial conferences" for purposes including "facilitating settlement."[12] The key word is "may," which makes clear that the decision to compel participation rests in the court's discretion, not in any party's right to demand it. In its discretion, the court may consider whether a settlement conference would be productive, whether it would prejudice the final outcome of the lawsuit by compelling the premature disclosure of trial tactics or evidence, or whether the circumstances of the case make participation appropriate.[13]

The parties' difficulties with even the most basic requirement to work together to agree on a date for the settlement conference suggest that a conference here would not be productive. While the court offers an alternative dispute resolution as a valuable option and encourages the parties to participate when possible,[14] it is a limited judicial resource best used in cases where the parties are genuinely and willingly seeking to resolve disputes. Here, the court notified plaintiff when she made her initial request that all the parties would need to agree to participate in a

---

[10] ECF No. 112, filed Aug. 25, 2026.
[11] *Id.* (noting that the lack of agreement on dates made settlement not feasible at this time).
[12] Fed. R. Civ. P. 16(a), (a)(5).
[13] *See, e.g.*, *Griego v. Douglas*, 264 F. Supp. 3d 1109, 1112–13 (D.N.M. 2017); *In re Air Crash Disaster at Stapleton Intern. Airport, Denver Colo., on Nov. 15, 1987*, 720 F. Supp. 1433, 1436–38 (D. Colo. 1988).
[14] *See* DUCivR 16-2.

settlement conference for the court to make the referral. For a variety of reasons outlined in the defendants' motions to compel participation and in plaintiff's responses, once all parties were joined in the request, it turns out they were not actually prepared to set aside their differences even to reach agreement on the date the conference should take place. Private mediation is still an option for any defendant who is independently willing to pursue settlement outcomes with plaintiff. The court, however, will not compel participation by unwilling parties or offer limited judicial resources for fewer than all parties in the case.

**ORDER**

Defendants' motions to compel a judicial settlement conference are DENIED.[15]

Signed October 20, 2026.

BY THE COURT

David Barlow
United States District Judge

[15] ECF Nos. 113, 116.